**TONG SUAN JI, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 07–2600–ag.

United States Court of Appeals, Second Circuit.

Feb. 27, 2008.

Theodore N. Cox, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; Margaret A. O'Donnell, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PETER W. HALL, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner Tong Suan Ji, a native and citizen of China, seeks review of the May 31, 2007 order of the BIA denying his motion to reopen. *In re Tong Suan Ji,* No. A73 611 301 (B.I.A. May 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005) (per curiam) (internal quotation marks and citation omitted). Indeed, the BIA has an obligation to consider the "record as a whole," and it may be an abuse of discretion to deny a motion to reopen without addressing "all the factors relevant to [a] petitioner's claim." *Ke Zhen Zhao,* 265 F.3d at 97.

The regulations require an alien seeking to reopen proceedings to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 C.F.R. § 1003.2(c)(2). In a situation where ineffective assistance of counsel prevents an alien from presenting his claim, the filing deadline for motions to reopen may be equitably tolled until the ineffective assistance "is, or should have been, discovered by a reasonable person in the situation." *Cekic v. INS,* 435 F.3d 167, 171 (2d Cir.2006) (internal quotation marks and citations omitted). In order to warrant further tolling beyond the time of discovery, an alien is required to demonstrate "due diligence" in

pursuing his claims. *Id.* (citations omitted). This Court has noted that "there is no period of time which we can say is *per se* unreasonable, and, therefore, disqualifies a petitioner from equitable tolling-or, for that matter, any period of time that is *per se* reasonable." *Wang v. BIA,* 508 F.3d 710, 715 (2d Cir.2007). Here, there is no dispute that Zhang's February 2007 motion to reopen was untimely where, six years earlier in May 2001, the BIA summarily dismissed his appeal from the IJ's order granting voluntary departure. In his present Motion to reopen, however, Ji argued before the BIA that the time for filing that motion should be equitably tolled due to the ineffective assistance of his former counsel and the fact that he had exercised due diligence in pursuing his claim. Specifically, Ji asserted that he had not discovered his former counsel's ineffective assistance until he retained new counsel in May 2006. Ji explained that he waited until May 2006 to find new counsel because he had relied on his former counsel's advice that he could reopen his case at any time and that he only came to understand prior counsel's ineffectiveness upon retaining new counsel. Rather than analyze Ji's assertions regarding discovery of the problem and his diligence in pursuing a solution, the BIA stated that Ji "does not explain why he took so long to file a motion [to reopen] based on ineffective assistance." That finding, however, is inaccurate. Ji had indeed presented an explanation to the BIA, and because the BIA either missed it in the record or addressed it in a way that conveyed the impression they were unaware of petitioner's pleading, the BIA abused its discretion in failing to consider Ji's explanation. *See Ke Zhen Zhao,* 265 F.3d at 97.

The BIA's decision also suggests there was no indication in Ji's motion to reopen that former counsel's ineffectiveness had

an adverse effect on Ji's original proceedings. That, too, is incorrect. Ji's pleadings at least posit the argument that he was talked into waiving his rights to a full hearing by his former, allegedly ineffective, attorney. The colloquy between Ji and the IJ to which the BIA's decision refers confirms the already undisputed fact that Ji waived his rights, but it does nothing to address the underlying claim: whether Ji's attorney incompetently, or perhaps even fraudulently, persuaded Ji to enter such a waiver. It was a further abuse of discretion, therefore, to fail to consider this aspect of Ji's ineffective assistance of counsel claim. *See Id.*

For the foregoing reasons, the petition for review is GRANTED. The May 31, 2007, decision of the BIA is VACATED, and the case is REMANDED to the BIA for further consideration of petitioner's motion to reopen.

In addition, the petitioner's pending motion for a stay of removal in this petition is GRANTED, and the outstanding removal order to which petitioner is subject is STAYED until the issuance of our mandate. We will delay issuance of our mandate for 30 days to afford Ji an opportunity to seek a stay from the BIA pending its decision on remand.